UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CHRISTOPHER J. POTTER,           )
                                 )
          Plaintiff,             )
                                 )
     v.                          )          No. 4:21-CV-1319-JAR
                                 )
SCOTT LEWIS, et al.,             )
                                 )
          Defendants.            )

## MEMORANDUM AND ORDER FOR PLAINTIFF TO SHOW CAUSE

This matter is before the Court on the motion of self-represented plaintiff Christopher J. Potter, a prisoner, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $83.35. Additionally, for the reasons discussed below, the Court will direct plaintiff to show cause why this action should not be dismissed for want of jurisdiction. The Court will also deny without prejudice plaintiff's motion to appoint counsel.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a certified inmate account statement showing an average monthly deposit of $416.79, and an average monthly balance of $247.58. The Court will therefore assess an initial partial filing fee of $83.35, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

The Federal Rules of Civil Procedure require this Court to dismiss a complaint if it determines at any time that it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3). Moreover, a complaint filed *in forma pauperis* must be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, courts need not assume facts that are not alleged, *see Stone*, 364 F.3d at 914-15, and even *pro se* litigants must plead specific facts and proper jurisdiction, and abide by the Federal Rules of Civil Procedure. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

2

**Background**

The following information is provided to give context to the claims plaintiff presents in the case at bar. Review of publicly-available records on Missouri Case.net shows that on December 17, 2018, a jury convicted plaintiff of multiple counts of first degree assault in the matter *State v. Potter*, No. 1611-CR03563-01 (11th Jud. Cir. 2016). Additionally, in *State v. Potter*, No. 16BB-CR00559-01 (12th Jud. Cir. 2016) and *State v. Potter*, No. 16BB-CR00753-01 (12th Jud. Cir. 2016), plaintiff entered *Alford*[1] pleas in April of 2019 to first-degree assault and first-degree tampering with a motor vehicle, respectively. He was sentenced to serve a total of 21 years in prison, and is currently incarcerated at the South Central Correctional Center. Review of publicly-available court documents shows the offense conduct to include striking the vehicles of other people with his own vehicle at a high rate of speed in St. Charles County, Missouri. The Court takes judicial notice of these Missouri State Court records, as obtained through the public records published on Missouri Case.net. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

On February 8, 2018, while the foregoing State criminal proceedings were pending, plaintiff filed a civil suit *pro se* and *in forma pauperis* in this United States District Court, seeking to bring claims pursuant to 42 U.S.C. § 1983 against law enforcement officers, prosecuting attorneys, judges, and other individuals involved in those proceedings. *Potter v. Lineback,* No. 4:18-CV-235-AGF (E.D. Mo. 2018). The complaint was partially dismissed, and further consideration of plaintiff's remaining claims was stayed pursuant to the principles dictated in *Wallace v. Kato,* 549 U.S. 384 (2007). Plaintiff moved to reopen the proceedings after

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

the State criminal proceedings concluded, and was granted leave to file an amended complaint. On January 27, 2020, the case was dismissed pursuant to 28 U.S.C. § 1915(e)(2).

In addition to the foregoing, on January 26, 2018, plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 against several St. Charles County Jail officials, including one Debbie Echele, alleging deliberate indifference to his serious medical needs. *Potter v. Echele, et al.*, No. 4:18-CV-148-CDP (E.D. Mo. 2018). On December 21, 2018, the case was dismissed due to plaintiff's noncompliance with Court orders.  On July 26, 2019, plaintiff again filed a complaint pursuant to 42 U.S.C. § 1983 against Echele, and on November 2, 2021 Echele's motion for summary judgment was granted and judgment was entered in her favor. *Potter v. Echele,* No. 4:19-CV-2234-JAR (E.D. Mo. 2019).

### The Complaint

Plaintiff did not prepare the instant complaint on a Court-provided form, as required. *See* E.D.Mo. L. R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). He titled the complaint "Complaint for False Arrest and Malicious Prosecution." (ECF No. 1 at 1). Named as defendants are Scott Lewis, Drevon Moore, and Kayci Kirsch. Plaintiff identifies Lewis as the Sheriff of St. Charles County, Missouri, and avers he "is located at 201 North Second Street, Suite 429, St. Charles, MO 63301." *Id.* Plaintiff identifies both Moore and Kirsch as private citizens who were "alleged victims," and he avers their locations are "unknown." *Id.*

Plaintiff invokes this Court's diversity jurisdiction over this action. He writes:

There is complete diversity of citizenship between Plaintiff and all of the Defendants, the matter in controversy exceeds the sum of $75,000. Therefore, this Court has Jurisdiction over the subject matter of the action pursuant to 28 U.S.C. §1332(a)(1).

*Id.* Plaintiff offers nothing further about the citizenship of himself and the defendants. Plaintiff's claims and supporting allegations are as follows.

On December 12, 2015, Moore and Kirsch accused plaintiff of assault. As a result, an arrest warrant was issued for plaintiff. Lewis relied, in whole or in part, upon Moore and Kirsch's statements as a basis to arrest plaintiff. On December 10 2018, "the charges of Defendant[s] Moore and Kirsch, without trial, were dismissed on the motion by the County Attorney of St. Charles County, Missouri." *Id.* at 3. Attached to the complaint is a copy of a probable cause statement signed by Detective Fred Stotler of the St. Charles County Police Department (ECF No. 1-1) and a copy of a St. Charles County Prosecuting Attorney's Office warrant application identifying "Kayci Kirsh" as the victim. (ECF No. 1-2). The address information of "Kayci Kirsh" is redacted.

Plaintiff claims Moore and Kirsch are liable to him because their allegations were false, and he claims Lewis is liable to him for false arrest and false imprisonment because he relied on those allegations. Plaintiff also refers to the defendants collectively, and claims they maliciously prosecuted him. He claims the defendants' actions caused him to suffer mental distress, damage to his reputation, physical injuries to various parts of his body, and loss of earnings. It appears he seeks $6,857,000 in damages on his false arrest claims, and a total of $8,659,450 on his malicious prosecution claims.

**Discussion**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). "It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citations

omitted). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases").  The issue of the existence of jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

In this case, plaintiff makes no attempt to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1331. Additionally, it would not help plaintiff to construe the complaint as brought pursuant to 42 U.S.C. § 1983 because this action would then be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff does clearly assert his intent to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. However, plaintiff has not met his burden of establishing such jurisdiction.

Under § 1332, this Court has jurisdiction over civil actions in which the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). Here, plaintiff appears to identify himself and Lewis as Missouri residents, and he makes no attempt to identify the residence of the remaining defendants. As a result, the Court finds that plaintiff has not met his burden of establishing jurisdiction under § 1332. The Court will therefore direct plaintiff to show cause why this action should not be dismissed for want of jurisdiction.

Plaintiff has also filed a motion to appoint counsel. A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir.

2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

Here, as explained above, the Court is not convinced it has jurisdiction over this case. Additionally, there is no indication that plaintiff is incapable of representing himself, and nothing in the instant motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. Plaintiff does characterize his motion as "urgent" because a prosecuting attorney has requested an interview with him, and plaintiff wants to avoid the possibility of making statements that impact the claims he presents in the instant complaint. However, that is not a valid reason for this Court to grant plaintiff's motion at this time. The motion will be denied, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 6) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $83.35. Plaintiff is instructed to make his remittance

7

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this order, plaintiff shall show cause why this action should not be dismissed for want of jurisdiction.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 3rd day of February, 2022.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE