### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER J. POTTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-1319-JAR |
| | ) | |
| SCOTT LEWIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon self-represented plaintiff Christopher J. Potter's response to this Court's February 3, 2022 order directing him to show cause why this action should not be dismissed for want of jurisdiction. After reviewing and considering plaintiff's response, the Court concludes that plaintiff has failed to demonstrate such cause. The Court will therefore dismiss this action for lack of jurisdiction, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

### Legal Standard on Initial Review

If this Court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). Moreover, a complaint filed *in forma pauperis* must be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This Court must liberally construe complaints filed by laypeople.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," the court

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, courts need not assume facts that are not alleged, *see Stone*, 364 F.3d at 914-15, and even *pro se* litigants must plead specific facts and proper jurisdiction, and abide by the Federal Rules of Civil Procedure. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## Background

The following information is provided to give context to the claims plaintiff presents in the complaint, and to his arguments in the response now before the Court. Review of publicly-available records on Missouri Case.net shows that on December 17, 2018, a jury convicted plaintiff of multiple counts of first degree assault in the matter *State v. Potter*, No. 1611-CR03563-01 (11th Jud. Cir. 2016). Additionally, in *State v. Potter*, No. 16BB-CR00559-01 (12th Jud. Cir. 2016) and *State v. Potter*, No. 16BB-CR00753-01 (12th Jud. Cir. 2016), plaintiff entered *Alford*[1] pleas in April of 2019 to first-degree assault and first-degree tampering with a motor vehicle, respectively. Review of publicly-available court documents shows the offense conduct to include striking the vehicles of other people with his own vehicle at a high rate of speed in St. Charles County, Missouri.

Plaintiff was sentenced to serve a total of 21 years in prison, and is currently incarcerated at the South Central Correctional Center in Licking, Missouri. The Court takes judicial notice of these Missouri State Court records, as obtained through the public records published on Missouri Case.net. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

On February 8, 2018, while the foregoing State criminal proceedings were pending, plaintiff filed a civil suit *pro se* and *in forma pauperis* in this United States District Court, seeking to bring claims pursuant to 42 U.S.C. § 1983 against law enforcement officers, prosecuting attorneys, judges, and other individuals involved in those proceedings. *Potter v. Lineback,* No. 4:18-CV-235-AGF (E.D. Mo. 2018). The complaint was partially dismissed, and further consideration of plaintiff's remaining claims was stayed pursuant to the principles dictated in *Wallace v. Kato,* 549 U.S. 384 (2007). Plaintiff moved to reopen the proceedings after the State criminal proceedings concluded, and was granted leave to file an amended complaint. On January 27, 2020, the case was dismissed pursuant to 28 U.S.C. § 1915(e)(2).

In addition to the foregoing, on January 26, 2018, plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 against several St. Charles County Jail officials, including one Debbie Echele, alleging deliberate indifference to his serious medical needs. *Potter v. Echele, et al.*, No. 4:18-CV-148-CDP (E.D. Mo. 2018). On December 21, 2018, the case was dismissed due to plaintiff's noncompliance with Court orders.  On July 26, 2019, plaintiff again filed a complaint pursuant to 42 U.S.C. § 1983 against Echele, and on November 2, 2021 Echele's motion for summary judgment was granted and judgment was entered in her favor. *Potter v. Echele,* No. 4:19-CV-2234-JAR (E.D. Mo. 2019).

Plaintiff initiated the instant action on November 4, 2021 by filing a complaint against Scott Lewis, Drevon Moore, and Kayci Kirsch. He averred he was "located" in Missouri. (ECF No. 1 at 1). He identified Lewis as the Sheriff of St. Charles, County, Missouri, and stated he

was also "located" in Missouri. *Id.* He identified Moore and Kirsch as private citizens whose locations were unknown.

Plaintiff did not attempt to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1331. Instead, he invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, and stated he wished to bring claims of false arrest, false imprisonment, and malicious prosecution. He wrote:

> There is complete diversity of citizenship between Plaintiff and all of the Defendants, the matter in controversy exceeds the sum of $75,000. Therefore, this Court has Jurisdiction over the subject matter of the action pursuant to 28 U.S.C. §1332(a)(1).

*Id.* In setting forth his claims for relief, plaintiff alleged Moore and Kirsch falsely accused him of assault, and as a result, an arrest warrant was issued. He alleged Lewis then unlawfully arrested and imprisoned him, and he claimed all three defendants subjected him to malicious prosecution. He sought damages in excess of $15 million.

In support of his claims, plaintiff attached to the complaint a copy of a December 12, 2015 Probable Cause Statement prepared by a non-party law enforcement officer, as well as a copy of a St. Charles County Prosecuting Attorney Warrant/Summons Application submitted by that same officer. (ECF Nos. 1-1 and 1-2). The Application identified plaintiff as the suspect, and Kirsch as the victim.

In its February 3, 2022 order, the Court noted that plaintiff made no attempt to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1331 to bring claims pursuant to 42 U.S.C. § 1983, and that it would not be helpful to plaintiff to construe the complaint in such manner. The Court noted that while plaintiff did clearly invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, he did not meet his burden of establishing such jurisdiction because he identified himself and Lewis as Missouri residents, and failed to identify the residence of the

remaining defendants. The Court directed plaintiff to show cause why this action should not be dismissed for want of jurisdiction, and plaintiff timely submitted the instant response.

In the response, plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1343. In an effort to establish jurisdiction pursuant to § 1332, plaintiff avers he is a Missouri resident. He also acknowledges that "[a] prisoner's residence is persumed [*sic*] to be the State lived in before being imprisoned," and avers he previously resided in Marthasville, Missouri. (ECF No. 10 at 2). Plaintiff writes:

> Plaintiff[]s may pursue State Law claims in Federal Court when the Plaintiff and Defendant(s) are citizens of different states pursuant to 28 U.S.C. § 1332(a)(1).
>
> The Federal Courts have jursition [*sic*] only when Diversity is complete, that is when no Plaintiff is a citizen of the same state as any of the Defendant(s). . . .
>
> In the present case. Diversity is complete because Plaintiff resides in Missouri, while Defendant(s) Moore and Kirsch reside in Illinois.
>
> A prisoner's residence is persumed [*sic*] to be the State lived in before being imprisoned. . . .
>
> In the present case, Plaintiff before his current imprisonment, his residence is in Marthasville, Missouri as it is stated in Plaintiff's Exhibit B, and Defendant[]s Moore and Kirsch residence at the time of the false allegation[]s against Plaintiff on the 12th day of December, 2015, had been in the State of Illinois.

*Id.* at 1-2. Plaintiff continues to identify Lewis as a defendant in this action. However, he does not acknowledge this Court's prior observation that he previously identified himself and Lewis as Missouri residents, nor does he attempt to establish that Lewis resides outside the State of Missouri.

### Discussion

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). "It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing

the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citations omitted). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Having thoroughly reviewed and carefully considered plaintiff's response, the Court concludes that he has failed to establish that the parties are completely diverse, as necessary for this Court to have jurisdiction over this action pursuant to 28 U.S.C. § 1332. As plaintiff acknowledges, § 1332 confers jurisdiction over civil actions in which the parties are completely diverse and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332(a), and "[c]omplete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). In this case, while plaintiff has established diversity between himself and defendants Moore and Kirsch, he has not established diversity between himself and defendant Lewis. He has therefore failed to meet his burden of establishing complete diversity between the parties. This Court therefore concludes it does not have jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff also contends that this Court has jurisdiction "pursuant to 28 U.S.C. § 1331 because District Courts shall have original jurisdiction of all Civil actions of the United States." (ECF No. 10 at 1). Federal question jurisdiction gives district courts original jurisdiction of civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

6

Federal question jurisdiction is proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute." *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986).  "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co.*, *Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

In the response now before the Court, plaintiff does not explain the basis for his belief that his claims arise under federal law, nor is any such basis apparent. As the Court noted in its February 3, 2022 order, plaintiff does not clearly state an intent to assert claims pursuant to 42 U.S.C. § 1983, and his allegations cannot be liberally construed to assert a valid § 1983 claim.

To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that he was deprived of a federally-protected right by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A party may be considered a state actor if he is a state official, or if his conduct is chargeable to the State. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Here, plaintiff alleges nothing permitting the inference that Moore or Kirsch were state actors. The mere fact Moore and Kirsch are alleged to have reported a crime does not convert them into state actors. *See Wickersham v. City of Columbia*, 481 F.3d 591, 598 (8th Cir. 2007) (citing *Youngblood v. Hy–Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001)) ("the mere invocation of state legal procedures, including police assistance, does not convert a private party into a state actor."). Therefore, the complaint would not state a valid § 1983 claim against Moore or Kirsch. *See West,* 487 U.S. at 48.

Lewis is alleged to be a state official, and is therefore properly considered a state actor. However, plaintiff's allegations establish that Lewis arrested him pursuant to an arrest warrant that was issued upon the application of a non-party law enforcement officer, not that he

7

conducted a warrantless arrest without probable cause, as would state a claim of constitutional dimension. *See Joseph v. Allen*, 712 F.3d 1222, 1226 (8th Cir. 2013) (a warrantless arrest without probable cause violates an individual's Fourth and Fourteenth Amendment rights). Plaintiff does contend that his arrest was unlawful because the charges involving Moore and Kirsch were later dismissed from the above State court proceedings upon the State's motion. However, "[t]he validity of the arrest does not depend on whether the suspect actually committed a crime," and even if a suspect is later acquitted of an offense for which he is arrested, that is irrelevant to the validity of the arrest. *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979). The Supreme Court has "made clear that the kinds and degree of proof and the procedural requirements necessary for a conviction are not prerequisites to a valid arrest." *Id.* (citing cases).

Similarly, plaintiff claims that Moore and Kirsch's statements "purposely made Plaintiff look like a danger to the community in all other counts in the criminal case 1611-CR3563-01," and Lewis is therefore liable to him for failing to ascertain their falsity before arresting and imprisoning him. (ECF No. 10 at 2). However, as indicated above, plaintiff was ultimately convicted and sentenced in the foregoing State proceedings, and judgment in plaintiff's favor would effectively call into question the lawfulness of his convictions and confinement. Accordingly, such claims would be barred by the doctrine established in *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).

Plaintiff also contends this Court "has jurisdiction pursuant to 28 U.S.C. § 1343 because District Courts shall original [*sic*] jurisdiction of any Civil action authorized by law to be commenced by any person." (ECF No. 10 at 1). In order to properly demonstrate jurisdiction under § 1343, a plaintiff is required to show a deprivation of a federal right. *Finerson v. Value City Furniture*, 2014 WL 1316235, at *3 (E.D. Mo. Mar. 27, 2014). "In other words, jurisdiction

is not created in and of itself under § 1343, but only through one of the substantive statutes to which § 1343 relates." *Id.* (citing *Howell v. Cataldi,* 464 F.2d 272 (3rd Cir. 1972)).

Here, plaintiff alleges no facts that would allow this Court to construe his claims as arising under any substantive statute to which § 1343 relates. The Court has considered whether plaintiff's allegations can be liberally construed as stating a claim arising under 42 U.S.C. § 1985, and concludes they cannot. Plaintiff has not alleged racial or other invidious class-based discrimination, as required to state such a claim. *See United Broth. of Carpenters and Joiners of America, Local 610, AFL-CIO, et al. v. Scott, et al.,* 463 U.S. 825, 834-39 (1983). There is simply no basis to conclude that plaintiff has established jurisdiction pursuant to 28 U.S.C. § 1343.

Therefore, for all of the foregoing reasons, the Court concludes that plaintiff has failed to meet his burden of establishing this Court's jurisdiction over this action. Although the Court must liberally construe plaintiff's filings, the Court will not assume facts that are not alleged. Even *pro se* litigants are obligated to plead specific facts and proper jurisdiction, and abide by the Federal Rules of Civil Procedure. *See McNeil,* 508 U.S. at 113. The Court will therefore dismiss this action at this time pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. Nothing in this Memorandum and Order shall be construed as prohibiting plaintiff from bringing claims in state court based upon the facts alleged in the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for want of jurisdiction. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 22nd day of February, 2022.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE