# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER J. POTTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:21-CV-1319-JAR |
| SCOTT LEWIS, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This closed civil matter is before the Court upon plaintiff Christopher J. Potter's "Motion for Reconsideration of Complaint and to Amend Complaint." (ECF No. 16/filed March 7, 2022). In the motion, plaintiff can be understood to ask this Court to relieve him from the February 22, 2022 dismissal of this action, and reopen this action to allow him to file an amended complaint. The motion will be denied.

### Background

The background of this case is fully set forth in this Court's prior orders, and will not be fully set forth here. However, the Court notes the following. Plaintiff is a Missouri State prisoner who was convicted of first degree assault in St. Charles County Circuit Court. He brought this civil action to seek monetary relief against St. Charles County Sheriff Scott Lewis, and two private citizens identified as Drevon Moore and Kayci Kirsch. He claimed Lewis falsely arrested him and falsely imprisoned him, and he claimed Moore and Kirsch falsely told police that he assaulted them. He invoked this Court's diversity jurisdiction, but identified himself and Lewis as Missouri residents. He did not attempt to invoke this Court's federal question jurisdiction, and as explained in the prior orders of this Court, the complaint did not state valid claims under 42 U.S.C. § 1983.

Upon initial review, this Court determined that plaintiff had not met his burden of demonstrating federal jurisdiction. On February 3, 2022, this Court entered an order explaining the basis for that decision, and directed plaintiff to show cause why this action should not be dismissed for want of jurisdiction. In response, plaintiff argued this Court had jurisdiction under 28 U.S.C. § 1332 because he was a Missouri resident, and Moore and Kirsch were Illinois residents. He did not address the issue of his common citizenship with Sheriff Lewis. Plaintiff also stated that this Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343.

The Court reviewed plaintiff's response, and determined he had failed to show cause why this action should not be dismissed. The Court noted it did not have jurisdiction under 28 U.S.C. § 1332 because plaintiff and Lewis were Missouri citizens, and the parties were therefore not completely diverse. The Court further determined that plaintiff failed to establish a basis for jurisdiction under 28 U.S.C. § 1331, that the complaint would not state a viable 42 U.S.C. § 1983 claim against any defendant, and that plaintiff alleged nothing that would allow the Court to construe his claims as arising under 42 U.S.C. § 1985 or any other substantive statute to which 28 U.S.C. § 1343 related. On February 22, 2022, this Court dismissed this action for lack of jurisdiction.

Plaintiff filed the instant motion on March 7, 2022. He can be understood to ask this Court to relieve him from the February 22, 2022 dismissal, and to reopen this action and allow him to amend his complaint to remove Sheriff Lewis as a defendant. In support, plaintiff states that "Judgment of this case in Plaintiff's favor would not call into question the lawfulness of Plaintiff's convictions." (ECF No. 16 at 1). He also offers argument in support of the false arrest claim he had asserted against Sheriff Lewis. However, plaintiff then states he wishes to amend the complaint to remove Sheriff Lewis as a defendant. Finally, plaintiff reasserts his claim that Moore and Kirsch falsely accused him.

## Discussion

Plaintiff did not specify a procedural basis for the instant motion, but it can be considered the functional equivalent of a motion under either Rule 59(e) or 60(b). "Rule 59(e) motions serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.*

Rule 60(b) allows the court to relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b). It "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1987)). Rules 59(e) and 60(b) are analyzed identically. *U.S. v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 935 n. 3 (8th Cir. 2006).

Having carefully considered the instant motion, the Court finds no basis for altering or amending its prior judgment, or relieving plaintiff from it. The motion does not point to any manifest errors of law or fact or to any newly discovered evidence, nor does it demonstrate exceptional circumstances warranting relief. Instead, plaintiff simply reasserts old arguments, or offers new arguments or theories he could have offered previously. As explained above, that provides no basis for relief. *Innovative Home Health Care, Inc.*, 141 F.3d at 1286.

Additionally, the Court finds no basis to reopen this action to allow plaintiff to file an amended complaint to remove Sheriff Lewis as a defendant. First, plaintiff did not provide a

proposed amended complaint with the instant motion, and other than his stated intent to remove Sheriff Lewis as a defendant, he does not describe what the proposed amendment would be. Additionally, it appears it would be futile to allow amendment, inasmuch as plaintiff states he intends to remove Sheriff Lewis as a defendant, but he then indicates an intent to pursue the false arrest claim he had asserted against the Sheriff. "Absent some indication as to what might be added to the complaint to make it viable, [plaintiff] is not entitled to leave to amend." *Wolgin v. Simon*, 722 F.2d 389, 395 (8th Cir. 1983). Finally, "motions seeking post-judgment leave to amend must satisfy 'the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief.'" *Peterson v. The Travelers Indemnity Co.*, 867 F.3d 992, 997 (8th Cir. 2017) (quoting *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014)). Here, plaintiff has failed to demonstrate entitlement to relief under either Rule 59(e) or 60(b). Therefore, for all of the foregoing reasons, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Christopher J. Potter's "Motion for Reconsideration of Complaint and to Amend Complaint" (ECF No. 16) is **DENIED**.

Dated this 29th day of March, 2022.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE